(116 So. 854)

No. 26792.

## LOUISVILLE & N. R. CO. v. R. E. E. DE MONTLUZIN CO., INC.

April 9, 1928.  Rehearing Denied May 7, 1928.

Denegre, Leovy & Chaffe, of New Orleans, for appellant.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, for appellee.

LAND, J.  In the year 1924, it became necessary for the Louisville & Nashville Railroad Company to acquire additional property on the west bank, or New Orleans side, of Chef Menteur for a new right of way, and also for temporary use in the handling of material required for the construction of a new bridge over that stream.

In the present suit, filed April 29, 1924, plaintiff company seeks to expropriate for a right of way a strip of land with a frontage of 50 feet on Chef Menteur.  This strip lies adjacent to the existing right of way of

the company, runs alongside of same a distance of 749.96 feet, and narrows at that point to a strip 25 feet wide, with a depth of 1,021.-81 feet.

Plaintiff company is also seeking to expropriate, for temporary use in the handling of materials for its new bridge, another piece of property, with a frontage of 705 feet on Chef Menteur. The depth of this property, on the side next to the first strip, is 231 feet, and narrows to 87 feet on the opposite side.

The first parcel, composed of the two strips, 50x749.96 feet and 25x1,021.81 feet, contains 1.693 acres. The second parcel, with a frontage of 705 feet on the Chef, contains 1.67 acres.

A verdict for the sum of $3,800 was returned by the jury in favor of defendant.

Plaintiff company has appealed and asks that the verdict be reduced to $228.08. Defendant, the landowner, resists this reduction and, in answer to the appeal, has prayed that the judgment be so amended as to increase the verdict to $17,091.

The sole question before the court on appeal is as to the quantum of the award. In our opinion, the verdict is erroneous in part as to the amount, the reduction asked for by plaintiff company is much too low, and the increase demanded by defendant is much too high.

The verdict of the jury is divided into four parts, as follows:

1. Amount allowed for parcel No. 1 (1.693 acres) for right of way..................... $1,250
2. Damages allowed in connection with expropriation of parcel No. 1................... ....
3. Amount allowed on parcel No. 2 (1.67 acres) for handling materials for new bridge.... 1,800
4. Damages allowed in connection with expropriation of parcel No. 2................... 750

Total ...................................... $3,800

■■ It is well settled that the criterion of value is the market value of the property at the date of the institution of the expropriation suit, in view of any use to which it may be applied and of all the uses to which it is adapted, exclusive of any increase in value given by the construction of the railway thereon. The market value means the fair value of the property between one who wants to purchase and one who wants to sell, under usual and ordinary circumstances. Market value does not mean speculative value. Louisiana Ry. & Nav. Co. v. Baton Rouge Brickyard, 136 La. 833, 67 So. 922, L. R. A. 1917A, 402; Orleans & J. R. Co. v. Jefferson & L. P. R. Co., 51 La. Ann. 1616, 26 So. 278; Louisiana Ry. & Nav. Co. v. Xavier Realty, 115 La. 328, 89 So. 1.

■ The increase in the verdict in this case, demanded by defendant, is based upon purely speculative values of lots, after the property is subdivided, and after considerable sums have been expended on its improvement. A subsequent subdivision of the property and sale of lots partakes too much of the character of speculation to serve as a basis of valuation at the date of the institution of the present suit. This is a rule well established by the cases above cited.

The evidence in the case shows that at the date of the institution of this suit, April 29, 1924, the land herein sought to be expropriated was available for clubs and camps, and for trapping, fishing, and hunting privileges.

It is located within the corporate limits of the city of New Orleans, is only 20 miles distant from Canal Street, and is accessible both by automobile and by train over the line of plaintiff company.

The accessibility of the lands on the west bank, or New Orleans side, of Chef Menteur makes them, in our opinion, equally as valuable as the lands located on the east bank, or Mobile side, of the Chef.

The evidence shows that property fronting on the east bank of Chef Menteur, and also fronting on the Louisville & Nashville Railroad, was selling at $5 per front foot at the time of the trial.

In the face of such evidence, the expert testimony introduced by plaintiff company to the effect that the land to be expropriated was worth only $100 per acre is not persuasive, especially as the expert witness so testifying had never sold any land at or adjacent to Chef Menteur.

Considering the evidence in the case as to value, and the fact that parcel No. 1 fronted on the Chef and paralleled the existing right of way of plaintiff company for a distance of 749.96 feet, with a depth of 50 feet, and for a further distance of 1,021.81 feet, with a depth of 25 feet, we are not convinced that the jury were manifestly wrong in valuing this strip for expropriation purposes at $1,250.

We are satisfied, however, that the jury clearly erred in considering the expropriation of parcel No. 2 as a permanent expropriation, and in allowing damages therefor to the property when, as a matter of fact, plaintiff company sought and acquired nothing but the temporary use of this property, and returned the property to defendant, the owner, after 15 months.

At most, defendant is entitled to a fair rental for the occupancy of parcel No. 2 by plaintiff company during that period.

Estimating the 705 feet of frontage of this parcel on the Chef at the established price of $5 per foot, the value of the entire tract would be $3,525. Allowing 8 per cent. on this amount as a yearly rental, defendant should recover of plaintiff company the sum of $352.50, and nothing more, for the use of this property.

At ordinary high tides, all of that part of the property sought to be expropriated, which is land, is under water. The property in question is what is commonly known as "Trembling Prairie," is overgrown with marsh grass and weeds, and consists in a large part of sloughs, with soft ooze mud bottoms, and with a depth of 5 feet in places.

While property of this character has its market value as sites for fishing and hunting camps, clubs, etc., we are not much impressed with the idea that it can be seriously damaged by expropriation proceedings. At least, we are not convinced as to any such damage in the present case.

It is therefore ordered that the judgment appealed from be so amended as to reduce the amount of the verdict in favor of defendant from $3,800 to $1,602.50.

It is now ordered that the judgment, as amended, be affirmed, and that defendant pay the cost of appeal.