McCALEB, Justice.
The defendant is appealing from a judgment expropriating its land to the City of Shreveport for use as an airport and fixing compensation therefor at $275 per acre. The tract, which contains 298.82 acres, is *131 unimproved semi-rural property on the outskirts of Shreveport being located on Hollywood Avenue, a blacktopped road which connects with other paved roads running to and from the City. The right of expropriation ■ is not contested and, hence, the question for ultimate determination is. the value of the property. However, defendant’s complaint in this court is twofold (1) that the judge erred in refusing to hear opinion evidence respecting the value of the land for use as a subdivision or housing- project and (2) that, even if it be found that the evidence was properly excluded, the compensation awarded by the' judge[1] is inadequate and should be increased to $350 per acre.
Mr. Abe Meyer acquired the tract in 1887 and it was transferred in 1929. to the defendant corporation, which was formed as a holding company for Mr. Meyer’s properties. The land has remained vacant and unimproved since its purchase. A few years prior to the institution of this suit, defendant explored the possibilities of utilizing' the land for a subdivision and had decided to engage in this venture when the city of Shreveport announced the intention of acquiring it, with other property, for the airport. At the time of the city’s announcement, defendant had commenced negotiations to secure a loan from the Federal Housing Administration and, at some expense, had certain plans drawn -for submission to that body. This evidence, together with other testimony, establishes the adaptability or availability of the land in question for subdivision purposes.
The proof of the suitability of the land for a subdivision was quite pertinent to the inquiry — for the rule is well settled in condemnation cases that the most profitable use to which the land can be put, by reason of its location, topography and adaptability, will be considered as bearing upon its .market value. Yazoo & N. V. R. Co. v. Teissier, 134 La. 958, 64 So. 866; Louisiana Ry. & Nav. Co. v. Baton Rouge Brick Yard, 136 La. 833, 67 So. 922, L.R.A. 1917A, 402; Olson v. U. S., 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205. The trial judge recognized this and received all evidence touching upon the question. However, when defendant attempted to establish the market value of the land for this special use by men who were experts in the planning and building of subdivisions, the judge, on objection of plaintiff’s counsel, refused to allow these witnesses to voice their opinions, holding, that they were not qualified because they, admittedly, did not know the market value of the land for all' other purposes to which the premises might be suitable.
This ruling first occurred during the testimony of Mr. Thomas H. Lowery, an expert on subdivisions, who appeared on *133 behalf of defendant, Mr. Lowery stated that he lived in Austin, Texas, but that he had formerly resided in Shreveport, where he was associated with the A. K. Ammen Company, which was engaged in the business of real estate building and subdivision development; that he had planned several subdivisions within Shreveport and vicinity and that he was generally acquainted with the values of property for subdivision purposes. He was then asked whether he could estimate the value of the land in question for use as a subdivision but, upon objection of counsel for plaintiff, the judge ruled that he could not state the market value of the land for this specific purpose unless he was able to give its value when considered for all purposes. Upon Mr. Lowery’s frank reply that he was unable to give the market value of the land for purposes other than that of a subdivision because he was unacquainted with its value for any other use, the judge maintained plaintiff’s objection and excluded the evidence. Similar rulings occurred with respect to testimony sought to be elicited in defendant’s behalf from two other experienced subdividers of property and developers of subdivisions, namely, Frank J. Zuzak and F. J. Zuzak (father and son) of Shreveport, and from Mr. Thomas E. Stagg, President and General Manager of defendant, who stated that he knew the value of the land for subdivision purposes.
.In making these rulings, the judge observed in substance that he felt bound by Article 2633 of the Civil Code [2] and that, under that Article, the inquiry was limited to the market value of the land when considered for all adaptable uses. In conform1ity with this opinion, the judge permitted several real estate men to estimate the market value of the land but only because they were able to say that they had knowledge of its value as to all uses to which it could be put.
We think that the exclusion of the evidence was error. Article 2633 of the Civil Code, in speaking of true value, contemplates, of course, that the criterion to be used in expropriation proceedings in arriving at the basis for assessment is market value — that is, the price which would be agreed upon at a voluntary sale between a willing seller and purchaser, taking into consideration all of the available uses of the land: Lousiville & N. R. Co. v. R. E. E. De Montluzin Co., 166 La. 211, 116 So. 854; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853; Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914 and City of New Orleans v. Noto, 217 La. *135 657, 47 So.2d 36. But this does not mean that the evidence elicited in an expropriation case is to be restricted to testimony showing market value for all purposes. On the contrary, the inquiry extends to any and all evidence which might be of aid to the court in determining the true value provided for in Article 2633. For example, it has been held that evidence of the rental value of property, while not regarded as a measure of compensation, is material insofar as it throws light upon the market value. Housing Authority of New Orleans v. Persson, supra, and Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So. 2d 193. And it seems too plain for extended discussion that evidence of a person familiar with the value of land adaptable to a specific use is receivable for the purpose of determining the true market value of the property, even though the witness is unable to testify as to the value for uses other than the particular one about which the testimony is tendered. Yet, under the ruling of the trial judge, a witness having experience in the acquisition of land for farm purposes could not testify as to the market value of the property for that purpose if the property was also desirable for mining purposes and he was without knowledge of its value for that use. And vice versa.[3]
The refusal of the judge to hear the testimony submitted by defendant on the question of the value of the land to persons engaged in the business of subdividing properties and erecting housing projects was prejudicial to the defendant as the assessment of the judge was reached without consideration of this evidence which might have been of material assistance to him in arriving at the true worth of the property. In these circumstances, the judgment must be set aside as the ends of justice require that the case be remanded with instructions to the judge to receive any and all evidence touching upon the value of the land for subdivision uses by persons qualified to give such testimony, even though they are not acquainted with the market value as to any other use. However, this additional evidence is to be limited to statements concerning market value at the time of the taking, that is, the price that a prospective purchaser for *137 subdivision purposes would have been willing to pay for the property and not what the land would have been worth if a subdivision had been established thereon.
The judgment appealed from is reversed and the case is remanded to the district court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be paid by plaintiff.
HAMITER, J., dissents and assigns written reasons.

. By Act No. 325 of 1948, LSA-RS 19:1 et seq., providing for the procedure in expropriation cases trial by jury was. abolished.

. The Article reads: “In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by th,e owner from the contemplated improvement or work.”

. In Metropolitan Water Hist. v. Adams, 1941, 116 P.2d 7, 15, the Supreme Court of California, in passing on this particular question, said: “As a practical matter, it will at once be seen that if appellant were correct in this contention, it would be almost impossible in many instances to secure reliable opinions of market value for lands adaptable to particular uses in specialized fields. The present case affords a striking illustration, for it is unlikely that witnesses could be found able to qualify as experts in all three of the highly specialized and diversified fields of real estate, mining, and water rights”.
See also St. Louis M. & S. E. R. Co. v. Continental Brick Co., 1906, 198 Mo. 698, 96 S.W. 1011.