126 So.2d 830 (1961)
ARKANSAS LOUISIANA GAS COMPANY, Plaintiff-Appellee,
v.
MOREHOUSE REALTY COMPANY, Inc., Defendant-Appellant.
No. 9408.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1961.
*831 Madison, Madison, Files & Shell, Bastrop, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, Shotwell & Brown, Monroe, for appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Plaintiff, by this action, sought to expropriate a right of way across defendant's property for the purpose of constructing, maintaining, and operating a pipeline thereon for the transportation of natural gas. Aggrieved by the judgment rendered, defendant appealed and complained that the trial court erred: (1) in excluding evidence concerning the use for which said property was suitable or adaptable; (2) in not allowing defendant just compensation for said right of way in accordance with its fair and reasonable value; and (3) in failing to award defendant severance or consequential damages.
The primary issue presented on this appeal, as was the question before the trial court, pertains to the award of compensation for the right of way sought by and granted to plaintiff across defendant's property. The proposed right of way, 40 feet wide, extends 179 rods across the property, located partly within and partly without the corporate boundaries of the City of Bastrop. The right of way also parallels and, to the extent of 25 feet of its width, extends into a right of way heretofore acquired and now used by the Louisiana Power & Light Company for its electric power transmission lines. The pipeline has been, or will be, laid within the bounds of the right of way of said power company. The area of the right of way comprises 2.71 acres.
The compensation award of $542 was predicated upon an average purchase price per acre of $102.13 paid by defendant in 1954, in acquiring said property as a part *832 of a larger tract of 271.121 acres, after discounting entirely, as valueless, that portion of the right of way now encompassed in the former right-of-way grant and by adding a profit of 50% on the remainder. Thus, a value was fixed at $200 per acre.
Defendant's position is that, with reference to its first and second complaints, the court erred in not receiving and giving consideration to the evidence of the value of the property when put to its most profitable use, or the use to which it was most suited and adapted. In this regard, defendant contends that the evidence offered shows, and the evidence tendered and excluded would show, that the most profitable use to which this land could be put by reason of its location, topography and adaptability is that of a subdivision, and that this fact should be considered in determining its market value. A contrary view is entertained by plaintiff which contends that the evidence relied upon by defendant partakes too much of the character of speculation to serve as a basis for valuation of the property at the date of the institution of this suit.
The facts to which the aforesaid contentions relate may be briefly stated. The uncontroverted fact is that defendant purchased the land here involved for subdivision purposes. The Magnolia Subdivision of that area, across the power-line right of way from the property presently concerned, has been developed. Practically all of the lots have been sold, principally for residential purposes. The record further discloses that, as to the particular area herein concerned, preliminary surveys and a plat based thereon had been made for its development as a subdivision. The delay in the actual development was occasioned by reason of prevailing inclement weather, retarding the efforts of a local governmental authority in constructing a road across the property.
The record very clearly establishes that this property is suited, by reason of its location in, and proximity to, the City of Bastrop, as well as its proximity to subdivisions already developed, and by reason of its topography, for development as a subdivision. The intention of the defendant in purchasing the property, the actual development into a subdivision of an area adjacent to the property involved, and the completion of the preliminaries to the development of this identical area into a subdivision, remove the matter, in our opinion, from the realm of conjecture and speculation into one of reality.
In Texas Pipe Line Co. v. National Gasoline Co., 203 La. 787, 14 So.2d 636, a similar situation existed with reference to the expropriation of a right of way for a pipeline over property in proximity to Bossier City. The property was purchased in 1928 for the purpose of a residential subdivision. Although the property remained a hay meadow, the court approved an evaluation based on the sale price of lots in the vicinity. The situation therein concerned was less favorable to the landowner than the facts disclose in the instant case.
The rule well established in the jurisprudence of this State is that, in suits of this character, the most profitable use to which the land can be put, by reason of its location, topography and adaptability, will be considered as bearing upon its market value. Louisville & N. R. Co. v. R. E. E. De Montluzin Co., 166 La. 211, 116 So. 854; City of Shreveport v. Abe Meyer Corporation, 219 La. 128, 52 So.2d 445; Louisiana Power & Light Company v. Simmons, 229 La. 165, 85 So.2d 251; Parish of Lafayette, etc. v. Hernandez, 232 La. 1, 93 So.2d 672. In defining market value, it was concisely stated, in the case of the City of Shreveport v. Abe Meyer Corporation, supra [219 La. 128, 52 So.2d 447],
"* * * Article 2633 of the Civil Code, in speaking of true value, contemplates, of course, that the criterion to be used in expropriation proceedings in arriving at the basis for assessment is market valuethat is, the *833 price which would be agreed upon at a voluntary sale between a willing seller and purchaser, taking into consideration all of the available uses of the land. * * *" (Emphasis supplied.)
See, also, Louisville & N. R. Co. v. R. E. E. De Montluzin Co., supra; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853; Louisiana Highway Commission v. Israel, 205 La. 669, 17 So. 2d 914; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36.
For the purpose of determining the market value, evidence of sales of similar property in the vicinity, and particularly sales of property in the Magnolia Subdivision, was offered. While such sales may be considered in fixing the value of the property herein expropriated (Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541; State, Through Department of Highways v. Hebert, 227 La. 111, 78 So.2d 528; Caddo Parish School Board v. Bland, 228 La. 393, 82 So. 2d 687), such value may not be determined, in our opinion, from such evidence alone inasmuch as such sales obviously include developmental costs. The extent or the value of such costs in the instant case was not shown.
Moreover, with particular reference to claims made for severance or consequential damages, it was well stated in the case of Parish of Lafayette, etc. v. Hernandez, supra [232 La. 1, 93 So.2d 675]:
"It is well settled that when property is expropriated the owner is entitled to compensation for damages to his remaining land caused by the taking. Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1; Texas Pipe Line Co. v. Barbe, 229 La. 191, 85 So.2d 260. The measure of such damage is the difference between the value of the property immediately before and its value immediately after the expropriation. Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354; Texas Pipe Line Co. v. Barbe, supra, and authorities there cited. However, this court has often said that mere consequential injuries to the owner arising from discomfort, disturbance, injury to business, etc., are damnum absque injuria. American Tel. & Tel. Co. of Louisiana v. Maguire, 219 La. 740, 54 So.2d 4, Note 2; Harrison v. Louisiana Highway Commission, supra. We have also said that the consequential or severance damages claimed by the landowner must not be anticipated damages, or too remote and speculative. Louisiana Highway Commission v. Lasseigne, 177 La. 440, 148 So. 672; State of Louisiana Through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881."
See, also, Texas Pipe Line Co. v. National Gasoline Co., supra.
In an effort to substantiate its claims for such damages, defendant in the instant case sought to establish, for the purpose of comparison or contrast, and to show a decrease or diminution, in value of the area across which the pipeline runs, the number of lots in the proposed subdivision, their shape, size, and position as would have existed and developed except for the pipeline right of way. Accordingly, defendant offered, in evidence, a plat of said proposed subdivision made from preliminary surveys of the property before a right of way across the same was sought through this expropriation proceeding. The offering was excluded Nevertheless, a plat was introduced and filed evidencing a subsequent plan of development made necessary by the installation of the pipeline.
Evidence having any bearing on this feature of the case is, in our opinion, material and admissible. We think the exclusion of the evidence offered was error and that any evidence bearing upon the question of the value of the property taken, determined in accordance with the best *834 use to which it may be put because of its adaptability, as well as evidence of the severance or consequential damages to the property remaining, is material and admissible.
With the evidence presently in the record, we are unable to reach a firm conclusion as to the value of the property of the defendant sought by plaintiff for right-of-way purposes, or as to severance or consequential damages, if any, sustained to the property remaining. The rule developed in the jurisprudence under Code of Practice Art. 906, the principles of which have been incorporated in LSA-C.C.P. Art. 2164, is that a large discretion in remanding a case is vested in an appellate court where the record is not in condition to enable the court to pronounce definitely on the case or where the parties have failed to produce available testimony which might be material to a proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served by the remand and by the reception of additional evidence where it appears that either party, or both, may be able to produce further material evidence, regardless of the cause for the omission of the evidence on the first trial. Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Walker v. National Life & Accident Ins. Co., La.App. 2d Cir., 1938, 184 So. 603; Young v. Thompson, La.App. 1st Cir., 1939, 189 So. 487.
We do feel that defendant should have the opportunity of producing further relevant evidence in support of the facts necessary for its right to recover, if it can and desires to do so. The plaintiff, of course, is likewise entitled to produce additional evidence, if desired, in support of its contentions.
For the reasons assigned, it is ordered that the judgment appealed be, and the same is hereby, annulled, avoided, reversed and set aside; and
It is now ordered that this cause be, and the same is hereby, remanded to the Honorable, the Fourth Judicial District Court in and for Morehouse Parish, Louisiana, to be reopened for the introduction of such additional evidence relevant to the issues as either plaintiff or defendant, or both, may desire to offer, in accordance with law and consistent with the views herein expressed, particularly as to the value of the property taken for right-of-way purposes according to the most profitable use to which it may be put and as to severance or consequential damages, if any, which may have been sustained to the property remaining; plaintiff-appellee is assessed with the cost of this appealthe assessment of all other costs shall await the rendition of final judgment.
Reversed and remanded.