131 So.2d 129 (1961)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellee,
v.
Naomi Burleson CROCKETT et al., Defendants-Appellants.
No. 9513.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1961.
Rehearing Denied June 22, 1961.
Love & Rigby, Shreveport, for appellants.
D. Ross Banister, Brunswig Sholars, Baton Rouge, for appellee.
*130 Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an expropriation suit wherein the plaintiff, State of Louisiana, through the Department of Highways, expropriated, for right-of-way purposes, defendants' property consisting of the premises bearing Municipal No. 972 Louisiana Avenue in the City of Shreveport.
Plaintiff alleged that the just compensation for said property and the improvements thereon was $22,000. The defendants contended that the property had a value of $47,000 and, in reconvention, sought judgment in that sum. From a judgment approving the appraisal and evaluation as made on behalf of the State, and casting defendants for costs, the defendants prosecute this appeal.
On this appeal, defendants specify as error the action of the court in holding (1) that, as a matter of law, the income approach to the appraisal of property is not admissible in the trial of expropriation suits and in excluding such evidence in this case; (2) that the sales relied upon by the State's appraisers were comparable sales; and (3) that the income approach for evaluation purposes was not, in this particular case, the best or appropriate method of appraising the property herein involved.
The subject property has a frontage of 85.64 feet on Louisiana Avenue and a depth of 166.5 feet to an alley. The improvement consists of the old Crockett home acquired in 1937 by William Stuart Crockett, Jr., through inheritance. The 2-story frame residence consisted originally of 10 or 12 rooms which had been extensively remodeled and renovated for commercial purposes. The residence was approximately 42 feet wide with a length of 88 feet. To the rear was a 2-story, 4-room frame garage apartment, 42 feet wide, with a length of 47 feet, built on a concrete-slab foundation with asbestos siding.
Mr. and Mrs. Crockett, after his acquisition of this property, and on completion of the remodeling done by them, conducted, in this former residence, over a number of years, an exclusive ladies' ready-to-wear apparel shop. This business, however, was closed at this location in 1952, due to the ill health of Mrs. Crockett, and re-established downtown on Milam Street where it was anticipated the operation of the business would be less strenuous. The location not proving as advantageous as contemplated, plans were made for the removal of the business to its former location.
In the meantime, in 1953, announcements were made as to the contemplated location of an expressway through the City of Shreveport which would occupy and encroach upon defendants' property, as a result of which the plans for the re-establishment of the business at its former location were abandoned. Except for the aforesaid announcements, the record establishes that the business would have been re-established at its former location. After it became known that the right of way for said expressway would either take or encroach upon defendants' property, it was obvious, as conceded by plaintiff's appraisers, that no prudent person would have then attempted the establishment of a business at that location.
The appraisals relied upon by the State for this expropriation were made during August, 1958, and the expropriation was effected May 22, 1959.
It clearly appears from the record that the best and most profitable use to which the property was suited and to which it could be put was the re-establishment of the business which had been there so successfully operated for many years. The record reveals that the gross sales of the business had ranged from $180,000 to over $300,000 annually. The valuation placed upon the property by plaintiff's appraisers in the sum of $22,000 only took into account and was predicated upon an appraisal of the lot as if it were vacant. The appraisal *131 was based upon the lineal front footage evaluation of $257. Defendants' appraisers were in general accord with this evaluation of the lot. However, no value was placed upon or assigned for the improvements. The failure to properly evaluate the improvements constitutes the primary basis for the present controversy between the State and the defendants.
The question presented for determination on this appeal relates to the "just and adequate compensation" to be paid upon the taking of defendants' private property for public purposes. Louisiana Constitution, Art. I, Sec. 2, LSA. The term "just and adequate compensation" generally denotes market value, that is, a price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy. State Through Department of Highways v. Barrow, 238 La. 887, 116 So.2d 703; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36; Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295.
To determine the market value of the property taken in an expropriation proceeding, or the "just and adequate compensation" to be paid the owner, various approaches are recognized and utilized. Among these are prior sales of comparable property. It has been held that "* * * the best guide is evidence of sales of similar or comparable properties in the vicinity * * *" (State v. Sauls, 234 La. 241, 99 So.2d 97, 101) and that such sales are the best criteria of value in expropriation proceedings. Mississippi River Bridge Authority v. Curry, 232 La. 140, 94 So.2d 9, 11.
Another approach is the reproduction-cost approach, sometimes resorted to where the subject property contains immovable improvements, in which event, if the improvements are aged, an adjustment must be made for depreciation. Rapides Parish School Board v. Nassif, 232 La. 218, 94 So.2d 40; Texas Pac.-Missouri Pac. Terminal R. of New Orleans v. Rouprich, 166 La. 344, 117 So. 273.
The third of these approaches relates to the income or rental of the property as a factor in determining the market value of the property. State v. Sauls, supra; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853.
While the preferable rule in the determination of property expropriated is evidence of sales of similar or comparable properties in the vicinity, where, however, the record contains no satisfactory evidence of sales comparable to that involved, ascertainment of the true value must be sought by a consideration of other factors and circumstances. State Through Department of Highways v. Stoer, 238 La. 718, 116 So.2d 498; State v. Ferris, 227 La. 13, 78 So.2d 493; Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541. Among such other factors is the rule, well recognized, that rental income and value of the business, which is or had been located on the premises, while not the sole criteria, are material to the extent that they assist in determining the fair market value. Housing Authority of New Orleans v. Persson, supra; Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So.2d 193.
The record discloses there were no comparable sales of property in the vicinity of the subject property. In fact, from the date of the announcements of the location of the expressway in 1953, there was no market for property in the area to be taken for right-of-way purposes. Whatever sales were made were restricted and limited to, or influenced by, the expropriations made for right-of-way purposes. Therefore, there was no free, unfettered, open market whereby the market value of property in the area could be determined as between one desiring to sell and one wishing to buy under ordinary and usual circumstances.
It may be appropriate to also point out that the rule is well established in the *132 jurisprudence of this State that, in suits of this character, the most profitable use to which the land can be put, by reason of its location, topography, and adaptability, will be considered as bearing upon its market value. Koerber v. City of New Orleans, 234 La. 433, 100 So.2d 461; Parish of Lafayette, Etc., v. Hernandez, 232 La. 1, 93 So.2d 672; Louisiana Power & Light Company v. Simmons, 229 La. 165, 85 So.2d 251; City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445; Louisville & N. R. Co. v. R. E. E. De Montluzin Co., 166 La. 211, 116 So. 854; Arkansas Louisiana Gas Co. v. Morehouse Realty Co., La.App.2d Cir., 1961, 126 So.2d 830.
In keeping with these considerations, any evidence that relevantly bears on value should be admissible. The nearer the situation which produces the admissible evidence approaches the situation of the hypothetically perfect market, the greater should be its probative weight. In this connection, it may be pointed out that LSA-C.C. Art. 2633 provides the basis for determining the value of property expropriated as follows:
"In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work."
Under the aforesaid provisions, it was recognized, in State Through Department of Highways v. Ragusa, 234 La. 51, 99 So. 2d 20, that the criterion to be applied in arriving at the basis for assessments of true value in expropriation proceedings is the market value or the price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser, taking into consideration all the available uses to which the property might be put, as well as all factors which lead to a replacement of the loss caused by the taking. It was pointed out this means substantially that the owner is placed in as good position pecuniarily as he would have been had his property not been taken. This criterion was also recognized in City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445, 447-448, wherein the court said:
"But this does not mean that the evidence elicited in an expropriation case is to be restricted to testimony showing market value for all purposes. On the contrary, the inquiry extends to any and all evidence which might be of aid to the court in determining the true value provided for in Article 2633. For example, it has been held that evidence of the rental value of property, while not regarded as a measure of compensation, is material insofar as it throws light upon the market value. Housing Authority of New Orleans v. Persson, supra, and Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So.2d 193. * * *" (Emphasis supplied.)
The rule was further emphasized in City of Alexandria v. Jones, 236 La. 612, 108 So.2d 528, 532, wherein the court, in quoting from the opinion of the trial judge, stated:
"`Recent sales of comparable properties are the best criteria of values in expropriation proceedings, and if there are no comparable sales, ascertainment of true value is sought by consideration of other factors under the circumstances, such as rental income and value of the business being conducted upon the expropriated property, although these factors are not the absolute measures thereof. * * *" (Emphasis supplied.)
Therefore, where there is no market value for the property sought to be expropriated, the intrinsic value or its value to the owner must be taken into consideration (Housing Authority of Shreveport v. *133 Green, supra), for, as heretofore stated, the rental of, or income from, property expropriated is material insofar as it has some bearing on the establishment of the market value of the property. State v. Sauls, supra.
Therefore, the conclusion is inescapable that the testimony contended by defendants and excluded by the court from its consideration, as pertains to the income or rental of the property, according to the best and most profitable use to which it could be placed and used except for the pending expropriation, was material and relevant to a determination of the value of the property expropriated.
The refusal of the trial judge to hear the testimony submitted by the defendants, as hereinabove stated, was prejudicial to them, as the assessment was reached without consideration of this evidence which might have been of material assistance in arriving at the true worth of the property. In these circumstances, the judgment must be set aside, as the ends of justice require that the case be remanded, with instructions that the trial of the case be reopened for the reception of any and all additional evidence, available to either party, bearing upon the market value of the property expropriated, in accordance with the rule as to the best or most profitable use to which it might have been placed, except for the expropriation, whether predicated upon an approach from the methods recognized as to prior sales, replacement costs, with adjustment for depreciation, or from income or rental of the property.
Accordingly, the judgment appealed is reversed and set aside, and the case is remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistant with the views herein expressed.
Reversed and remanded.