AYRES, Judge.
This is an expropriation proceeding. The sole issue in the case is the market value of the property expropriated. The State contends the property had a value of $32,000.00 and the defendant, $50,000.00. The court concluded the property had a value of $39,000.00. From a judgment in accordance with that finding, the State prosecutes this appeal.
The property expropriated is described as Lots 11 and 12 of Johnson & Cutliff Addition to the City of Shreveport. The property has a frontage easterly on Market Street of 100 feet, northerly on Franklin Street, 140 feet, and, westerly on Herman Street, 100 feet. Thus, the property, containing 14,000 square feet, is a corner lot and faces three paved streets. The location of the property, although beyond a railroad overpass, is five blocks from the downtown business section and four blocks from the financial district.
Market Street, a segment of State Highway 1, a main-traveled thoroughfare through the City, is, in the vicinity of this property, a one-way street, that is, only for south or outbound traffic. Franklin and Herman Streets are two-way streets. The width of the latter, however, is only 27.5 feet. The property slopes westerly from Market to Herman, with a decline of approximately 20 feet.
The classification of the property, in accordance with zoning regulations, is B-4 Commercial, which permits the use of the entire property for building purposes without any requirement for off-street parking. There were no improvements on the property. It was vacant. The property, however, was located in a neighborhood of a variety of improvements, such as used for automobile dealerships, automobile repair shops, used car lots, warehouses, and office buildings.
The highest and best use of the property was said to be for similar businesses or for some service corporation, requiring a one-story structure with a basement for storage, parking, warehouse, or repair shops. The grade of the decline of the lot westerly toward Herman Street was said to constitute an ideal situation for the erection of improvements with basements.
The criterion in arriving at a basis for “true value” of property in expropriation proceedings is the market value or price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser, taking into consideration all of the available uses to which the property might be put, as well as all factors which lead to a replacement of the loss caused by the taking. State through Department of Highways v. Ragusa, 234 La. 51, 99 So.2d 20; Housing Authority of New Orleans v. Brinkmann, 224 La. 262, 69 So.2d 37; City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445; Arkansas Louisiana Gas Co. v. Morehouse Realty Co., La.App.2d Cir., 1961, 126 So.2d 830; LSA-C.C. Art. 2633.
In determining the value of the property, the appraisers, two for the State and two for the defendant, used the method of comparable sales of property in the vicinity, adjusted to the particular attributes of the subject property. The differences in value, as determined by the appraisers for the State and by those for the defendant, are attributable largely to the differences in the methods employed. The appraisers for the State used a front-foot method of appraisal in contrast to the square-foot method of appraisal used by defendant’s appraisers. Additionally, the State’s appraisers failed to give consideration to the particular character of the zoning classification of this property.
Defendant maintains that the proper method of evaluating this particular property is by the square-foot rule and not by the front-foot method.
This case presents, in our opinion, a proper case for the application of the square-foot method of evaluating the prop *120 erty to be expropriated. The property, as heretofore pointed out, fronts on three streets and the entire area was available for improvements. This method of appraisal was employed in the following cases: State v. Grand Consistory, Etc., 237 La. 1005, 112 So.2d 692; State v. Sauls, 234 La. 241, 99 So.2d 97; State through Department of Highways v. Ragusa, supra.
The property involved in the Sauls case fronted on two streets and an alley, and the improvements covered practically the whole land area. In the cases of Ragusa and the Grand Consistory, Etc., the properties fronted on two streets and all the land was available for improvements. In commenting upon those facts, the Supreme Court, in the case of the Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491, 497, stated:
“ * * * In those instances it is apparent that the square footage method was the appropriate and fair method of appraising this type of property. * * ”
The appraiser for the State in the instant case, O. L. Jordan, placed a value of $27,975.00 on the first 100 feet of the property as it fronts on Market Street. By his testimony, this was $2.7975 per square foot. He awarded, however, a value of $3,750.00 on the remainder of the property, for the reason it was to the rear of and had, in his opinion, a lesser value than that portion first evaluated. Obviously, he failed to take into account that this remaining portion of the property fronted 40 feet on Franklin Street and 100 feet on Herman Street. All of the property, as heretofore pointed out, was available for the maximum use to which it might be put, and it should have been appraised accordingly.
Applying the square-foot evaluation of the first 100 feet of the propert)q as determined by Jordan, to the entire property, we find, by calculation, the property had a valuation of $39,165.00. Moreover, as was heretofore pointed out, this appraiser apparently omitted to take into consideration, in arriving at his appraisal, the significance of the zoning classification which permitted full and equal commercial use of the entirety of the property. The other appraiser for the State, Lawrence L. May, likewise accorded a greater value to the first 100 feet of the property as it fronted on Market Street than he accorded to the remainder of the property which fronted on both Franklin and Herman Streets. The first portion of this property, he valued at $28,475.00, or $2.8475 per square foot. Had he accorded a similar value to the remainder of the property, his evaluation of the property as a whole would have been $39,865.00.
On behalf of the defendant, the appraiser, J. Pollard Sealy, valued the property at $3.60 per square foot. The other appraiser for the defendant, E. A. Tharpe, Jr., placed a valuation on the property as a whole of $3.00 per square foot. Sealy’s appraisal of the property as a whole was $50,000.00 and Tharpe’s, $42,000.00.
The trial court concluded, from and after a consideration of all the testimony, that the property had a value of $2.80 per square foot, or $39,000.00 for the whole. This calculation was checked and verified by the use of the front-foot method of appraisement as employed by the State’s appraisers in conjunction with the established normal increase in value of the property since the dates of the sales of the properties used as “comparables,” as well as the increase attributable to the usual corner-lot influence.
Inasmuch as, in most instances, the appraisers for the State and for the defendant used the same “comparables,” a further detailed analysis of each is deemed unnecessary.
The evidence, in our opinion, amply supports the judgment appealed.
For the reasons assigned, ■ the judgment appealed is affirmed.
Affirmed.