BOLIN, Judge.
In order to construct a connecting link between U. S. Highway No. 71 and 80, in Caddo Parish, Louisiana, it was necessary for plaintiff to secure a right of way across property belonging to defendant. Being unable to secure such right of way by purchase, it resorted to expropriation proceedings pursuant to LSA-R.S. 48:441-460. Plaintiff deposited the sum of $4,486 in the registry of the court based on an estimate of just compensation previously compiled by its appraisers. No portion of this deposit was for severance damages as plaintiff was of the opinion that the special benefits to the defendant as a result-of the new highway would more than offset any damage to the property remaining. The defendant, not being satisfied with the amount so deposited, filed an answer asking that the value of the property taken be fixed at $22,-500 ; and that the damages to the remainder of the property be fixed at $17,500. The right of expropriation was not contested, and on these issues the case was tried, resulting in an award for the property expropriated in the sum of $11,199, and denying any claim for severance damages. From such judgment, plaintiff has appealed, and defendant has answered the appeal in an effort to have the total award increased from $11,199 to $16,000.
An examination of the record shows plaintiff expropriated 2.670 acres of land which was a portion of a larger tract of 10.34 acres situated on the north side of Cross Bayou approximately one mile from downtown Shreveport, with the portion thus expropriated approximately bisecting defendant’s property. A levee traversed the property, generally in an east and west direction. Of the total acreage expropriated, 1.598 acres is located between Cross Bayou and the levee, and the remaining 1.072 acres is located beyond the levee at the end of LaSalle Street. The tract located between the levee and Cross Bayou being subject to periodical overflow, had very little value, and the lower court made a nominal award of $479 for same. There is very little, if any, dispute over this portion of the judgment appealed from. In any event, the award is amply supported by the evidence. There is also no serious dispute over the lower court’s refusal to award any severance damage. Such a ruling was predicated on a finding that whatever damages, if any, were more than offset by special benefits resulting from the new highway. We likewise find no error in this portion of the judgment.
We will now give consideration to that portion of the judgment appealed from which presents the only serious matter in dispute. For the 1.072 acres situated beyond the levee, defendant was awarded the sum of $10,720. A review of the record shows plaintiff and defendant each offered the testimony of two expert witnesses in an effort to establish the value of the property most favorable to them. The witnesses tendered by the plaintiff valued this particular piece of property at $4,486. Their conclusions were generally based on what they considered comparable sales within the area, but such estimates were further predicated upon a so-called “raw acreage” basis. The defendant’s two experts, on the other hand, fixed the value of the same property at $17,500 and $22,500. These witnesses also based their opinions generally on the sale of what they considered to be comparable property, but on a square foot basis. The defendant’s witnesses were of the opinion that the property in question was most suitable for small industrial lots; and that to sell same on an acreage basis would substantially diminish its value.
The trial judge, in a written opinion, fixed the value of $10,720 based on a square foot valuation, but with a reduction in estimates given by the defendant’s experts because he felt their conclusions were based *383 on property sales that were not strictly comparable. He accordingly scaled their estimate down and gave logical and sound reasons for doing same.
The appellant strenuously contends before this court that the trial court was in error in calculating the value of the property on a square foot basis rather than an acreage basis. In this connection, we have been cited to the following cases: Louisiana Power & Light Company v. Simmons et al. and Mrs. Bessie McInnis, et al., 229 La. 165, 85 So.2d 251 (1956); Lattier v. Bossier Levee Board, 111 La. 927, 35 So. 981 (1904); Caddo Parish School Board v. Willer, 227 La. 201, 78 So.2d 833 (1955). Appellant contends the cited cases are authority for its conclusion that unless the property has been surveyed and a plat of same duly recorded, the court cannot give any consideration for same except on an acreage basis in arriving at an award for its value. We do not agree with the plaintiff’s version of the holdings in the above cases. In the first place, the record does not disclose that the valuation fixed by the lower court was based on a proposed subdivision of the property. To the contrary, his award was based on what he considered to be the most profitable use to which the land could be put by reason of its location and adaptability. Such a basis has been recognized and approved by too many cases in our jurisprudence to merit listing. See City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445 (1951).
There have been many cases decided by our appellate courts within recent years involving the proper method of arriving at a just award in expropriation proceedings, and we will not burden this record with a long list of such cases and the many rules enunciated therein. We simply state that our examination of this record has convinced us that the able trial judge was eminently correct in his decision and written reasons assigned in support thereof. We think he used an acceptable basis for arriving at a just award for the property expropriated; and that same was neither excessive nor inadequate. Accordingly, the judgment appealed from is affirmed and plaintiff-appellant is taxed with such costs as it is leg'ally required to pay.
Affirmed.