GLADNEY, Judge.
The Department of Highways has appealed from a judgment fixing the value of two parcels of property of the defendant expropriated in connection with a highway project, referred to as the Minden-Sibley Interchange, State Route La. 1-20, which judgment awarded the property owner $38,-030.00, or $13,905.00 in excess of the total compensation of $24,125.00 deposited by appellant pursuant to LSA-R.S. 48:441 et seq. The principal complaint urged in this court is that the sum allowed is excessive and not supported by adequate proof, the burden of which, it properly asserts, rests upon the appellee. By answer to the appeal, the appellee has prayed that the award in his favor be increased to $55,000.00.
The Louisiana Constitution, 1921, Art. I, § 2, L.S.A., provides that except as otherwise provided therein, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid. As a basis for determining the value of the property so taken in an expropriation suit, LSA-C.C. Art. 2633 and LSA-R.S. 19:9 require that in estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work. Still another statutory provision,. LSA-R.S. 48:453, stipulates that in expropriation suits the measure of compensation is to be determined as of the time the estimated compensation was deposited in, the registry of the court, and damages to-the remainder of the property shall be fixed: as of the date of the trial. This statute further places upon the defendant the burden-of proving his claim. From a multiplicity-of expropriation suits in recent years there-have evolved certain well settled and recognized legal principles, some of which, have application to the circumstances presented in this case.
The definition of market value often-restated in our jurisprudence is the price-which would be agreed upon in a voluntary-sale between a willing seller and purchaser. State of Louisiana, Through Department of Highways v. Barber, 238 La. 587, 115 So.2d 864 (1959); State of Louisiana, Through Department of Highways v. Barrow, 238 La. 887, 116 So.2d 703 (1959); State of Louisiana, Through Department of Highways v. Central Realty Investment Company, Inc., 238 La. 965, 117 So.2d 261 (1960); State of Louisiana, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131 (1960); State of Louisiana, Through Department of Highways v. Hub Realty Company, Inc., 239 La. 154, 118 So.2d 364 (1960).
It was held in City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445, 448-(1951), that evidence elicited in an expro-- *23 priation case is not to be restricted to testimony showing market value for all purposes, but “the inquiry extends to any and all evidence which might be of aid to the court in determining the true value provided for in Article 2633.” The court elaborated :
“And it seems too plain for extended discussion that evidence of a person familiar with the value of land adaptable to a specific use is receivable for the purpose of determining the true market value of- the property, even though the witness is unable to testify as to the value for uses other than the particular one about which the testimony is tendered. Yet, under the ruling of the trial judge, a witness having experience in the acquisition of land for farm purposes could not testify as to the market value of the property for that purpose if the property was also desirable for mining purposes and he was without knowledge of its value for that use. And vice versa.” Id. 52 So.2d 448.
The preferred yardstick in the determination of the value of property expropriated is evidence of sales of similar or comparable properties in that vicinity. Where, however, the record contains no satisfactory evidence of sales of property comparable to that involved, the ascertainment of the true value must be sought from consideration of other factors and circumstances. LSA-R.S. 48:441-48:460; The Rapides Parish School Board v. Nassif et al., 232 La. 218, 94 So.2d 40 (1957); State Through Department of Highways v. Tolmas et al., 238 La. 1, 113 So.2d 288 (1959). It is equally well settled that in suits of this kind the most profitable use to which the land can be put by reason of its location, topography, and adaptability, will be considered as bearing upon its market value. Caddo Parish School Board v. Miller, 227 La. 201, 78 So.2d 833 (1955); Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959); Arkansas-Louisiana Gas Company v. Morehouse Realty Company, Inc., La.App., 126 So.2d 830 (2d Cir. 1961).
 The recognized rule as to severance damage when only part is taken and damage results thereby to the remainder, declares such damage shall be measured by the diminution in value of the remaining property for sale or rental determined by arriving at the value immediately before and after the expropriation. City of Alexandria v. Jones et al., 236 La. 612, 108 So.2d 528 (1959). Claims for severance damages predicated upon personal inconvenience experienced by an owner as a result of the taking are damna absque injuria, and not compensable. American Tel. & Tel. Company of Louisiana v. Maguire, 219 La. 740, 54 So.2d 4 (1951); State of Louisiana v. Sauls, 234 La. 241, 99 So.2d 97 (1958).
The aforementioned principles govern our consideration of the factors involved in determining the amount of compensation to which the appellee is entitled. Testimony relating to the value of the property taken and to the damages incurred was given by seven witnesses presented in support of the property owner’s claims, and two witnesses who testified on behalf of the Department of Highways. We recognize, and it may be conceded that the two expert witnesses, O. L. Jordan and Lawrence L. May, who testified on behalf of appellant, have had more extensive experience in the field of ap-praisement for purposes of expropriation than the seven witnesses presented by the defendant; nevertheless, the latter were shown to have had extensive experience in the particular locality involved and their opinions merit appropriate consideration. These witnesses included two bank presidents, both actively engaged in residential and commercial real estate transactions, the head of a building and loan association, two realtors, a real estate developer and a building contractor and developer.
The two parcels of property involved herein are hereinafter referred to as Tract A and Tract B, both of which abut the Minden-Sibley Highway, State Highway No. 7, just south of the corporate limits of *24 Minden. Highway No. 7 is a paved, well traveled, and the principal artery of traffic leading south from Minden toward Ring-gold onto U. S. Highway No. 71.

The above plat illustrates as to location, accessibility and size the property affected by the taking.
Tract A has an area of .8 of an acre or approximately 3,500 square feet. It is triangular in shape with a frontage of 375.01 feet on the highway, which frontage has a depth of zero feet on the north end and 190 feet on the south end. This lot has been used by the defendant for more than twenty years and upon it he has con *25 ducted a moderately successful grocery and filling station business. The improvements on said lot include the two-story combination residence and store building in an excellent state of repair, a two-car garage, outhouses, fences, etc. The attached plat delineates the portion of this parcel of property which was not expropriated,. — about .4 of an acre, and plainly shows such remaining property is rendered inaccessible by enclosure of a wire fence erected as part of the highway project. Due to this condition, severance damages were fixed at from ninety per cent (90%) to one hundred per cent (100%) of its value prior to the taking. Any value remaining to the property owner would appear to be so little because of its apparent uselessness it is not feasible to ascertain its salvage value. Accordingly, we shall treat Tract A as if the expropriation included the entire tract, a finding made by the trial judge.
In the evaluation of the improvements taken, differences of values advanced in the testimony of the several expert witnesses on both sides were not substantial. The two experts for appellant combined land and improvement compensation in their calculation of severance damages and by reason thereof we have found it somewhat difficult to ascertain the amounts determined separately for the improvements and for the land. It is our appreciation of Jordan’s testimony, however, that he valued all the improvements affected at $15,780.00 and we believe that May’s result was not materially different. The trial judge held Madden was entitled to $16,000.00 for the improvements on the property and $13,000.00 for his land. In resolving these amounts severance damage was excluded both as to land and property forasmuch as the judge considered compensation due for the taking of the entirety of Tract A. We are in accord with the finding of the court as to the amount of compensation due the property owner for the improvements taken.
The trial court arrived at a figure of $13,000.00 for the land in Tract A by fixing a valuation of $40.00 per front foot for 325 feet out of 375 feet of the land abutting on Highway No. 7. He justified a deduction of 50 feet from the actual footage by reason of the narrowing in depth to zero feet at the north end of the property. This method leaves the property considered as with value with a depth on the north end of only 25 feet. The experts of appellant likewise used a valuation of $40.00 per front foot, but in dealing with the triangular shape of the property they reduced its valuation by 35%. This method, in effect, discards as without value approximately 30 feet of the frontage having depth from 50 to 65 feet. We believe this frontage to be with sufficient depth to possess commercial use and to justify a value of $40.00 per front foot. The judge a quo placed such a value on 50 feet additional frontage, but this we find has such shallow depth (between 25 and 50 feet) we regard it as of questionable value. Accordingly, we have determined that the true value of the land taken should be based on a valuation of $40.00 per front footage of 275 feet frontage, or the sum of $11,000.00 for the land involved. The experts who testified on behalf of the defendant valued the frontage at $50.00 per front foot for 375 feet, but failed, in our opinion, to justify their findings.
The experts stated their opinions as to the total compensation due the defendant as to Tract A, including both improvements and land, as follows:
C. O. Holland $30,750.00
J. E. Harper 30,750.00
H. O. West 25,750.00
J. Weston Miller 27,000.00
A. C. Smith 25,000.00
Katie Carey 35,625.00
O. L. Jordan 24,210.00
L. L. May 25,632.00
The court made an award of $29,000.00, which sum, we think, should be reduced to $27,000.00.
Tract B is an irregular parcel of land containing 4.041 acres. It is quad *26 rangular in shape, fronting 216.98 feet on the Minden-Sibley Road, 629.30 feet on the Minden-Dubberly Road, and 737.02 feet abutting the L. & A. Railroad. This parcel has no improvements on it but is crossed by a spur track and served by natural gas lines. Jordan and May, testifying in behalf of the State, were of the opinion the highest and best use that this tract could be put to was for residential purposes and appraised the land on an acreage basis of from $725.00 to $750.00 per acre, which resulted in a valuation for the entire tract of $3,000.-00. Defendant’s experts employed a per front foot value for the 216.98 feet frontage on the Minden-Sibley Highway, which averaged approximately $45.00 to $50.00 per front foot, utilizing a depth of 150 feet. The same witnesses valued the remainder of the tract which fronted 479.3 on the Minden-Dubberly Road at from $10.00 to $15.00 per front foot. It will readily be observed, therefore, that there is a substantial difference in the value of $3,000.00 as fixed by the State’s witnesses and the valuation placed thereon by the defendant’s experts, with one exception. These sums ranged from $13,430.00 to $16,000.00. The trial judge fixed the value of Tract B at $9,030.00, employing a combination of the acreage and per front foot values. He valued the frontage on the Minden-Sibley Highway at $30.00 per front foot, using a depth of 150 feet, which left 3.5 acres remaining in the tract, upon which he fixed a value of $700.00 per acre. We find no good reason for not according the frontage on the Minden-Sibley Highway a per front foot value as all witnesses agreed was proper in finding the value of the land taken in Tract A immediately across the highway. It is noted, however, that defendant’s expert witnesses placed a valuation of $50.00 or more on the frontage in Tract A, whereas they considered $40.00 should be used as to Tract B. We are of the opinion the court did not err in assigning a valuation of $30.00 per front foot to the property abutting the Minden-Sibley Road. There does not appear any good reason, however, why a per front foot value should be placed on the property along the Minden-Dubberly Road, and this, no doubt, accounts for the resolution by the court to assign the per acre value to 3.5 acres comprising the balance of Tract B. In concluding such acreage to be worth $700.00 per acre, rather than the somewhat higher figure of appellant’s appraisers, the court’s finding appears justified forasmuch as appellant’s experts placed an average per acre valuation by including the more valuable property abutting the Minden-Sibley Highway. We, accordingly, adopt the findings of the trial court with respect to the compensation which should be allowed the defendant for expropriation of Tract B.
For the reasons hereinabove assigned, it is the holding of this court that the judgment from which appealed be amended by reducing the sum of Thirty-Eight Thousand Thirty ($38,030.00) Dollars awarded the defendant, to Thirty-Six Thousand Thirty ($36,030.00) Dollars, and as so amended, the judgment is affirmed.