BRUNOT, J.
 

 This is a suit to expropriate a lot of ground, together with the improvements thereon, in the city, of Gretna, parish of Jefferson, measuring 64 feet 4 inches 6 lines fz-ont on Jefferson street, by a depth of 159 feet 10 inches 3 lines between parallel lines, and designated as Lot 1 in Square No. 41. ■
 

 
 *345
 
 The only question at issue is .one of value. The defendant refused to accept an offer of $7,500 for the property, and this suit followed. It is alleged in the answer that the property sought to be expropriated is well worth $12,-096. The case was tried by a jury of free-' holders, and a verdict was rendered in favor of the defendant for $10,500. From a judgment for that amount, the plaintiff appealed. There is no answer to the appeal.
 

 Defendant’s valuation of the improvements and lot is itemized in the answer as follows:
 

 Double cottage ..............................$ 7,080 00
 

 Post office building........................... 922 00
 

 Out building ................................ 391 00
 

 Pences ........................ 384 00
 

 Pavement .................................... 355 00
 

 Lot of ground........................ 3,000 00
 

 Total ..................................... $12,096 00
 

 The verdict of the jury is for a lump sum, and it is impossible to determine from the record what valuation the jury placed upon the improvements and the lot independent of each other. With respect to the improvements, the testimony in the record is based, to some extent, upon the cost of replacement, and, while the verdict of a jury of freeholders in expropriation suits is generally entitled to great weight, the replacement cost of improvements sought to be expropriated cannot be accepted as the actual value of the property, for the reason that replacement cost makes no allowance for the age and depreciation of the improvements.
 

 This case is one of several similar eases now before this court, and of the Dittmar Case, heretofore decided. The property involved in each of these eases is situated in the same locality, and is required by the plaintiff in this suit for the purpose of enlarging its terminal facilities in the parish of Jefferson, at the point its railroad tracks connect with those of the Texas’& Pacific Railway Company. In the Dittmar Case, 161 La. 444, 108 So. 877, we found from the record, that on a square foot basis the Gugel and Dittmar properties were of equal value, and held that 19.08 cents per square foot was the fair value of the defendants’ lots. '
 

 It is shown that a number of recent transfers of property, somewhat similarly situated with respect to defendant’s property and the terminal requirements of the plaintiff, were made, and plaintiff seeks to average the value of the improvements on these properties, and to apply the rule laid down in the Manson Case, 154 La. 995, 98 So. 555, to the improvements upon defendant’s property. Plaintiff has also featured the Cazes property, and has offered testimony to show that the Cazes building is practically a replica of the Berger double cottage. The defendant, however, has shown that the Cazes cottages were built of B grade pine lumber; that the plaster all over the house has fallen down, the front and back galleries are rotten, and the sills under the front gallery, the front steps, and some of the columns supporting the roof have rotted away. The defendant has further shown that her double cottage has been properly maintained, and that both houses, throughout, are in good condition. It needs no mathematical calculation to convince us that there is a considerable difference in the value of the improvements on the two properties. The Cazes property measures 64 by 168 feet. The defendant’s property measures 64 feet 4 inches 6 lines by 159 feet 10 inches 3 lines, or 4% inches greater width by 2% inches less depth than the Cazes property. It is shown that the Cazes property is a corner lot, and for that reason .it has an added value over its adjoining lots, but it is also shown that the Cazes property is not as ideally located as the defendant’s lots. Plaintiff exercised its option, and paid $7,500. for the Cazes prop-' erty. It is our opinion that the price paid for this property fairly represents its value, and, if the improvements on the Cazes property had, been properly maintained and kept
 
 *347
 
 in a condition of preservation approximating that of the improvements on, the defendant’s property, the two properties, at the date this suit was filed, would have been of about equal value. The record does not disclose jvhat it would have cost to repair the damage to the Oazes cottages caused by neglect and the ravages of time. The witness A. F. Rouprich, an experienced carpenter and contractor, who inspected the building for the purpose of testifying to its condition, says it would require new sills in. front of the house, new galleries and steps
 
 at
 
 the front and rear, new columns in the front, replastering ten rooms, and repainting the entire house.
 

 Under all of the facts and circumstances disclosed by the record, we think that defendant’s property, at the date this suit was filed, was worth approximately $1,500 more than the price the plaintiff paid for the Oazes property, and therefore the judgment appealed from should be reduced to $9,000.
 

 It is therefore decreed that said judgment be reduced to $9,000, and that in all other respects it be affirmed. Costs of this appeal to be paid by the appellee.
 

 ST. PAUL, X, recused.