BOLIN, Judge.
The State of Louisiana, through the Department of Highways, instituted the present action in order to expropriate certain property of defendant located in the City of *36 Shreveport for use in the highway project known as the Shreveport Expressway. The expropriation proceeding was instituted in accordance with LSA-R.S. 48:441-48:460. Pursuant to the statute, plaintiff attached to its petition an estimated value of the property which had been prepared by two expert appraisers selected by plaintiff. The estimate being in the sum of $67,700, such amount was deposited in the registry of the court and the possession and ownership of the property was transferred to plaintiff in order that construction of the highway could proceed. Defendant, not being satisfied with the amount tendered for the property thus taken, petitioned the court for a judicial fixing of the value of the property, and on this issue the case went to trial. Justin Gras died prior to trial and the First National Bank of Shreveport, Testamentary Executor of the Succession of Justin Gras, and Mrs. Eugenie Torr Gras were substituted as parties defendant. A trial on the merits resulted in a judgment in favor of defendants in the sum of $70,660.85, or an increase of $2,960.85 over the amount originally deposited in the registry of the court. It is from this judgment that defendants have appealed, and the only issue presented is the fair market value of the property expropriated.
The parcel expropriated consisted of a small tract situated on the west side of the 1400 block of Texas Avenue in the City of Shreveport. Improvements on the property consisted of an old two-story mill-type brick building which had been utilized by three commercial establishments on the first floor, and the second floor thereof was used as a rooming house. Located -yvithin the buildings were some movables such as fluorescent light fixtures, Venetian blinds, a hot water heater, etc.
During the trial below, plaintiff and defendants each offered the testimony of two expert appraisers in an effort to establish the fair market value of the property expropriated most favorable to them. For the State Lawrence L. May, Jr., and O. L. Jordan testified respectively, that the property was worth $67,000 and $67,700, and the appraisers for the defendants, M. E. Hurlbut and J. Pollard Sealy, Jr., testified respectively, that same had a value of $78,400 and $77,400. A study of the testimony of all the experts reflects that it was their general opinion the highest and best use of the property in question was without any improvements thereon, in which case it could be rented for a used car lot, a parking lot or for the display of outdoor billboard type advertisements. The evidence reflects that in the vicinity of the subject property, there were numerous vacant commercial establishments and business prospects in general for that section of Shreveport were not optimistic. However, there were several vacant lots in the area that were being used for the operation of retail used car outlets. In arriving at a fair market value of the property, Mr. Sealy did not fix any value for the improvements, he being of the opinion the property was worth more without the improvements than with them. Mr. May and Mr. Jordan rendered a rather detailed report of their findings and also testified rather extensively during the trial, and they did attempt to give some value to the improvements, as well as the land. All of the experts also made some effort to fix the value on the basis of the sales of other comparable properties in the area.
Because the improvements located on the property were approximately 60 years old, and no satisfactory cost or replacement system could be used to establish a fair market value, and also because no comparable sales were available for similar property in the area, the trial judge concluded the highest and best value for the property would be as an unimproved lot. Under these circumstances, the only approach available for him to arrive at a true value of the property was to decide what would be the maximum amount for which such unimproved property could be rented. There was rather extensive testimony during the trial as to the amount of rent received for similar property in the neighborhood. The Wiener estate owned property nearby which had been *37 so rented for a number of years preceding this expropriation. The Wiener property had previously been expropriated for the expressway, but at the time of its expropriation, it was being rented for $450 per month. However, the same property had rented for as much as $600 per month in previous years and the monthly rent had apparently been reduced because of the threat of the impending expropriation proceedings. Under these circumstances, the trial judge reasoned that such a rental figure was too low for the subject property and he accordingly scaled upward his basis for arriving at a fair rental value of the subject property. In any event, in his written reason for judgment, he concluded the property could most profitably be used by renting same on a similar basis as the Wiener property.
Appellants contend the lower court committed serious error in that it substituted its own opinion as to the market value of the property expropriated rather than accepting that of the experts. We find no merit in this contention. To the contrary, we are convinced the testimony of all experts was taken into consideration, but the court merely decided the highest and best use for the property would be to rent same as an unimproved lot. Such a conclusion was clearly predicated upon all the evidence. When evidence as to the sale of comparable property is unsatisfactory, ascertainment of true value must be sought upon a consideration of other factors and circumstances and the rental value of the property is always material if it throws light on the market value of the property. State of Louisiana through Department of Highways v. McDuffie, 240 La. 378, 123 So.2d 93 (1960) ; City of Alexandria v. Jones, 236 La. 612, 108 So.2d 528 (1959); Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219 (1958); State of Louisiana through Department of Highways v. Crockett, (La. App. 2 Cir., 1961) 131 So.2d 129; State of Louisiana through Department of Highways v. McNeely, (La.App. 2 Cir., 1961) 130 So. 2d 136; State of Louisiana through Department of Highways v. Varino, (La.App. 2 Cir., 1961) 129 So.2d 495.
Appellants also specify error in the lower court’s refusal to fix a value for the improvements on the property expropriated. We likewise find no error in this portion of the judgment appealed from. As previously stated, it is the duty of the court to ascertain the highest and best use of the property expropriated in order to arrive at fair market value. The court concluded in the instant case the highest and best use of the property was without the improvements being located thereon. In other words, if the court had separately fixed the value of the improvements in this case, the award would have been less favorable to the defendant. We feel our esteemed brother below very aptly answered this complaint in his written reasons for a new trial wherein he said:
“In arriving at the value fixed by us, we fixed a value for the land after the removal of the buildings, as all of the realtors testified that the highest use for the land would be for a parking lot or used car lot, which necessitated the removal of the structures on the land. We do not think it proper to fix a higher value for property to be converted into a used car lot, and then pay for the improvements situated on the lot. For these reasons, we think our previous value is fair. (Since the State will be required to remove the improvements from the land, we imagine they would be pleased to have defendant remove same for them.)”
Appellants also contend the district court erred in refusing to accept the amount fixed by their experts, and in not concluding that such experts were better qualified than those tendered by the highway department. Our examination of the record convinces us that all of the experts who testified were well qualified. Under these circumstances, it is'evident that the court could not accept the valuations of all such witnesses, but *38 under such circumstances it was the court’s duty to give consideration to all such testimony and use its discretion in arriving at a fair value of the property expropriated and unless we are convinced the trial judge has abused his discretion in evaluating such testimony, we will not reverse his findings. State of Louisiana through Department of Highways v. Hub Realty Co., 239 La. 154, 118 So.2d 364 (1960); State of Louisiana through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881 (1955).
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.