TATE, Judge.
The only issue in this expropriation suit concerns the amount of the award. The plaintiff Department expropriated the entire lot and residence of the defendant landowners, contending that the market value of the property taken was $11,700. The trial court awarded judgment on the basis that the property was worth $14,500 at the time of the taking.
The Department contends on its appeal that the trial court erred: (1) in determining market value on the basis of the reconstruction-cost-less-depreciation approach, instead of the “market data” (comparable sales) approach; and (2) in failing to accept the testimony of the Department’s experts that the value of the defendants’ residence was substantially affected by its close proximity to the former highway right-of-way prior to the taking.
As to the first specification of error, the trial court concluded that the use of the market data approach utilized by the Department’s experts was not appropriate under the circumstances of this case, because it was necessary to make so many somewhat arbitrary “adjustments” between the allegedly comparable sales used by the experts and the subject property, in order to arrive at the estimated market value of the subject property in relation to the com-parables used. In essence, this amounted to a finding by the trial court that, under the *612 circumstances of this case, there were no true comparables which could furnish a sound guide to the market value of the subject property and that, as stated by an expert witness for the landowner, the reproduction-cost-less-depreciation approach furnished the best guide to market value herein.
We find no error in this conclusion by the District Court, nor in its factual determination that the market value of the property taken was $14,500, as found by one of the landowners’ experts who used the reproduction-cost-less-depreciation approach (and also corroborated by another expert who used a modified market data approach). In State v. O’Neal, 150 So.2d 608 (of this court, rendered this same date), we have more fully discussed an identical contention by the Department that the reproduction-cost-less-depreciation approach was incorrectly used, and therein we have more fully set forth the legal principles applicable to the proper use of this approach to the determination of market value in expropriation cases.
As to the second above-noted specification of error urged by the Department’s able counsel, the Department’s experts testified generally that the location of a residence too close to the right of way had an adverse effect on market value.
Both of the landowners’ experts testified, however, that the market value of the subject property was not adversely affected by the near location to the right of way of this particular house in this particular neighborhood. These experts pointed out that the present house had been deliberately constructed close to the right of way, as were several of the other houses in the neighborhood, and that this factor had not adversely affected the prices of other property sold in that neighborhood. The experts pointed out that the present situation was to be distinguished from those where a taking for a highway right of way after a residence was built, caused a loss in market value because of the decrease of a previous front yard or because the house in question had not been especially constructed as was the present with the intention of leaving little clearance in front between the house and the right of way, with most of the lot area reserved to be in the rear of the residence.
We find no error in the trial court’s accepting the testimony of the landowners’ experts on this question over that of the Department’s witnesses. The preponderance of the evidence thus supports the conclusion that the market value prior to the taking of this particular house in this particular neighborhood was not materially affected by its situation close to the highway right of way.
For the foregoing reasons, the judgment of the trial court is
Affirmed.