BOLIN, Judge.
In order to construct a highway underpass in the City of Monroe, Louisiana, plaintiff, in accordance with LSA-R.S. 48:441 et seq., expropriated a small triangular-shaped lot owned by defendant. The right of way *388 encroached only upon a portion of a commercial building-, but the entire structure was expropriated. For the property taken and the severance damage to the remainder, the lower court awarded defendant the total sum of $72,500, or $42,900 in addition to the sum of $29,600 which plaintiff had previously deposited in the registry of the court. From such judgment plaintiff appeals.
As to the bare land, the lower court fixed a value of $1,700 on the portion taken and $2,300 as severance damage to the remainder. Although plaintiff contested the awards for these items in the lower court, it concedes in its brief before us such awards are correct and all arguments are limited to the balance of the award for the value of the building. -
Situated on this property was a steel frame building of tubular steel, with trussed roof of heavy steel tubing and embracing a total area of 5693 square feet. The building was comprised of 12 separate rooms, had a reinforced concrete slab floor, and had considerable steel reinforcements inside for sliding doors, machine hoist, etc. Steel columns filled with concrete supported a 12-inch, a 10-inch and two 6-inch I-beams. Most of the exterior was covered with transite or corrugated asbestos sheeting.
Four experts testified as to the value of the building. Defendant’s witnesses said there were no comparable buildings in the vicinity and estimated the value of the structure by calculating what it would cost to replace or reproduce the building, less depreciation. Plaintiff’s witnesses claimed the building was similar to one located in Monroe, and using this alleged comparable as a basis, estimated what it would cost to replace Poulan’s building. The lower court decided the building used by plaintiff’s experts as a comparable was inferior and not similar to the one in question and consequently rejected the estimate. We find no error in the method employed by the trial judge in fixing valuation of these improvements.
LSA-C.C. Art. 2633 provides:
"In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.” (Emphasis supplied.)
Generally the “true value” of property in expropriation proceedings is the market value or the price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser, taking into consideration all available uses to which the land might be put, as well as all factors, which lead to a reimbursement for the loss caused by the taking. This means substantially that the owner should be placed in as good a position pecuniarily as he was before his property was taken. Where the evidence reflects a lack of sales of similar property, the reproduction or replacement less depreciation method has been accepted in our jurisprudence. See State Through Department of Highways v. Barber, 238 La. 587, 115 So.2d 864 (1959); State v. Welsh (La.App. 1 Cir. 1962) 147 So.2d 758; State v. Frellsen (La.App. 2 Cir. 1961) 135 So.2d 378; State v. Carmouche (La.App. 3 Cir. 1963) 155 So.2d 451.
The basic difference in the contention of opposing parties herein relates to the type and nature of building it would take to replace or reproduce the one owned by Poulan. The lower court decided it would cost $68,-500 including depreciation to replace such a structure. As we find no error in the lower court’s ruling, the judgment appealed from is affirmed. Appellant is taxed with such costs as it is required by law to pay.
Affirmed.