HERGET, Judge.
To provide a through way through the City of Baton Rouge permitting the unobstructed pathway for motorists, the State of Louisiana through the Department of Highways instituted this expropriation suit appropriating the house and a portion of the lot belonging to defendants, Franz Joseph Baddock and Irene Fontane Baddock.
Following a lengthy trial, judgment was rendered by the Trial Court fixing what in its opinion was just compensation for the taking of approximately one (1) acre of ground, improved by the erection thereon of a two-story residence at the sum of $79,-129.05. Plaintiff appealed from this judgment.
Though Defendants maintain in their brief they have answered Plaintiff’s appeal wherein they seek an increase of the amount awarded, from our review of the record we find no evidence of any pleading having been filed wherein such relief is sought. However, in view of our conclusion, no increase in the award granted by *280 the Trial Judge is warranted — no injury-resulted therefrom.
Upon filing suit the Department deposited in the registry of the court the sum of $67,-500 itemizing this valuation representing the loss sustained by expropriatees, categorizing same as $64,167 for the loss of the value of the land and improvements taken and $3,-330 as damages incurred by expropriatees to the remainder of their property. Defendants answered Plaintiffs petition and prayed for an increase of the value ascribed to the land and improvements taken to the sum of $110,000 and, in addition, sought $10,000 for damages allegedly sustained because of the loss suffered by them to the remaining unexpropriated property.
As its witnesses in support of the valuation the Department concluded to be proper, there was introduced the testimony of Messrs. LeRoy Cobb and J. B. Pugh, two experts in the field residing in the Parish of East Baton Rouge. Defendants had as their appraisers and experts Mr. Kermit Williams and Mr. W. D. McCants who arrived at their valuation of the property taken by utilizing the cost of improvements, less depreciation, maintaining such evaluation was valid inasmuch as, because of the type of property taken, there were no comparable sales of property which could be utilized as a rule of measure.
The opinion of each qualified expert in the determination of the market value of expropriated property should be given effect if it appears well grounded from the standpoint of sincerity and good reasoning. But any tendency to average appraisals solely as a matter of convenience and expediency to the court in an expropriation proceeding must be rejected as unwarranted and unjustified. Averaging the estimates of expert witnesses is improper where the testimony of each is not entitled to equal weight. Greater Baton Rouge Consol. Sewer Dist. v. Nelson, La.App., 144 So.2d 186; State through Dept. of Highways v. Clarke, La.App., 135 So.2d 329.
In arriving at the award to which the Trial Judge concluded expropriatees were entitled, the learned Trial Court was of the opinion no true comparables were available and in fairness the award to expropriatees should be fixed upon its determination of the replacement value of the property expropriated. The learned Trial Judge commented in his reasons for judgment he was impressed with the sincerity of the witnesses ; nonetheless, as is apparent in such proceedings, estimates of the experts were quite at variance, making most difficult their reconcilability. The Court chose to average such estimates of evaluations and utilizing this method arrived at its conclusion as to the value to be paid to expropriatees. This recitation is sufficient to depict the Trial Judge’s problem in resolving a most difficult question in the circumstances of being afforded the testimony of sincere expert witnesses who all appeared to be qualified. The Trial Judge was of the opinion evidence of the value of alleged comparable properties submitted by the State did not truly represent a fair evaluation of the subj ect property.
We observe that in the expropriation of property such as presented in the instant case wherein we have before us the determination of the value of a house of exceptional architectural value, in excellent physical condition, nevertheless lacking some of the more modern conveniences, air conditioning and walk-in closets, the house having been built in 1941, give reason to make especially difficult the placing thereon of a market value.
Confronted with this dilemma, the learned Trial Judge adopted replacement value over market value to arrive at the fair valuation to be awarded Defendants for the property expropriated. In his oral reasons for judgment, dictated into the record, the Trial Judge said, and we voice our approval of this observation:
“Since the experts are in such disagreement and the Court is confused and unable to put its hat on the most *281 accurate appraisement, I have averaged the replacement cost figures. I find that the replacement cost is $73,394.-0S, its depreciation is $14,465, and the depreciated value of the improvements is $58,929.05. The lot value is $20,-000, so, therefore, the total value of the property would be $78,929.05, improvements and lot. If you add to that the shrubs, which I place at $2,500, you come up with a total value of $81,429.-05, and if you subtract from that the value of the remainder of the land that was left, you will find that it will have a value under the summation method or replacement cost method of $79,129.05. Now, I would like just to pick one and say that that is the one I like the best because of this, that and the other, but in trying to do that, I can find so many things right with one and wrong with the other, that it makes it impossible for me to decide on the one I want to pick.”
Where the record discloses no comparable sales of property in the vicinity, ascertainment of market value of the property taken for public purposes must be determined from other factors; one of such factors is the reproduction or replacement cost approach, with an adjustment for depreciation of improvements. State through Dept. of Highways v. Frellsen, La.App., 135 So.2d 378; State through Dept. of Highways v. Rooks, La.App., 131 So.2d 125; State through Dept. of Highways v. Gras, La.App., 131 So.2d 628; State through Dept. of Highways v. Barber, 238 La. 587, 115 So.2d 864.
The Department of Highways contends Defendants are without right to claim more than $3,330, the amount deposited for damages to the remainder of the land, inasmuch as prior to the trial of the case Defendants disposed of the remainder of the land. The argument is without reason in that LSA-R.S. 48:453, which is the foundation on which the Department bases its argument, specifically provides the date of trial is determinative of the value of the loss of expropriatees property to the remainder and nowhere therein is any mention made expropriatees must still be the owner of the property until the final adjudication of the issue. Severance damage is provided for the purpose of adequately compensating the owner of property for the loss sustained by him to the value of the remainder of the property subsequent to the expropriation. Accordingly, Defendants right to recover such loss was not precluded by their subsequent sale of the remainder.
Judgment affirmed.