552 So.2d 738 (1989)
Orza Bolourchi WATTS
v.
Alan Ray WATTS.
No. 88 CA 1485.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Donna Wright Lee, Baton Rouge, for plaintiff-appellant Ozra Bolourchi Watts.
Albert J. Lord, Zachary, for defendant-appellant Alan Ray Watts.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a suit to partition community property.

FACTS
Ozra Bolourchi Watts and Alan Ray Watts were divorced by judgment dated June 29, 1984. Thereafter, the parties were unable to agree on a partition of the community property or on the settlement *739 of the claims between them arising from the matrimonial regime.
On November 7, 1985, Mrs. Watts filed a petition for partition of the community property against Mr. Watts. At issue during the trial of the merits was the value of certain community property,[1] particularly the value of Alan Watts Services, Inc. (AWSI), a community-owned corporation. Mrs. Watts also questioned whether AWEB Supply, Inc. (AWEB), a corporation owned by Mr. Watts and formed after the termination of the community, should be considered a community asset or, alternatively, valued in conjunction with AWSI.
At trial, each party presented expert testimony as to the value of AWSI. Mark W. Shirley, a certified public accountant, testified on behalf of Mrs. Watts. Shirley testified that the value of AWSI should include a portion of the value of AWEB. Shirley explained that the nature of the transactions between the two corporations and Mr. Watts' ownership and management of both corporations required that the corporations be valued together. Shirley valued AWSI at $78,000.00, using seven different generally accepted accounting methods. This figure included the value of AWEB. Shirley did not offer a value for AWSI without taking into account the value of AWEB because he felt the two could not be valued separately.
Reginald H. Pulliam, a certified public accountant who performed year-end closings for tax purposes for AWSI and AWEB and prepared Mr. Watts' personal income tax returns, testified on behalf of Mr. Watts. Pulliam assessed a book value of AWSI at zero, since the corporation had no net assets above its liabilities. Pulliam determined that since AWEB was a separate and distinct corporation, its value should not be included in any valuation of AWSI. Pulliam did not document his valuation, nor did he use any valuation methods to arrive at this figure.
The trial judge determined that AWEB was not an asset of the community of acquets and gains formerly existing between the parties. The trial judge, in his oral reasons for judgment, disregarded the testimony of either expert witness as to value and fixed the value of the stock in AWSI at $10,000.00. Accordingly, the trial judge rendered judgment partitioning the community property.
From this adverse judgment, both parties appeal. Mrs. Watts assigns the following errors:

ASSIGNMENT OF ERROR 1.
The Trial Judge erred in giving any weight to the testimony of appellee's expert witness, in that said expert had based his opinion on mere speculation, and no discernable facts, and as such could not provide the Judge with a reasonable factual basis for his finding.

ASSIGNMENT OF ERROR 2.
The Trial Judge erred in substituting his own opinion as to the value of the business, for that of the only credible expert testimony, when the expert's opinion was based upon correct facts and good reasoning.

ASSIGNMENT OF ERROR 3.
The Trial Judge erred in finding that AWEB Supply Co., Inc. did not form a part of the community property formerly existing between the parties, in that the evidence of appellant's expert was detailed and explicit as to the method of incorporation of AWEB Supply Co., Inc. and as to the transactions between the two corporations, Alan Watts Services, Inc. and AWEB Supply Co., Inc., which transactions were not "arms-length"; and that AWEB Supply, Inc. is an extension of the activities previously conducted by Alan Watts Services, Inc. and should be included in any valuation of Alan Watts Services, Inc.
Mr. Watts contends that the trial judge erred in assigning any value to AWSI.

*740 FINDING THAT AWEB WAS NOT A COMMUNITY ASSET
Mrs. Watts contends that the trial judge erred in finding that AWEB was not a community asset. Mrs. Watts cites Queenan v. Queenan, 492 So.2d 902 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 1045 (La. 1986), in support of her position that, because AWSI and AWEB were both owned and managed by Mr. Watts and because there were several transactions between the two corporations, the value of AWEB should have been considered in valuing AWSI.
In his reasons for judgment, the trial judge discussed at length the testimony regarding the formation of AWEB, the distinctions between AWSI and AWEB and the type of business in which each was engaged, and his reasons for finding that AWEB was not a community asset and why its value should not be included in the valuation of AWSI. Additionally, the trial judge distinguished the Queenan case from the instant case.
After carefully reviewing the entire record, we cannot say that the trial judge's determinations that AWEB was not a community asset and that its value should not be included in the value of AWSI are manifestly erroneous.

VALUATION OF AWSI
Mrs. Watts contends that the trial judge erred in giving any weight to the testimony of Pulliam, Mr. Watts' expert witness. Mrs. Watts further contends that the trial judge erred in substituting his own opinion as to the value of AWSI without regard to the testimony of either expert. Mr. Watts contends that the trial judge erred in determining that AWSI had a value of $10,000.00. Mr. Watts reasons that, without him, AWSI had a negative value.
Generally, the trier of fact is not bound by expert testimony. The testimony of an expert witness is to be received and weighed in the same manner as any other evidence. White v. Givens, 491 So.2d 63 (La.App. 1st Cir.1986); Motton v. Travelers Insurance Company, 484 So.2d 816 (La. App. 1st Cir.1986). However, the testimony of experts must be given effect if it appears reasonable and well founded. State, Department of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 166 (La. 1977). Additionally, a trial court may not substitute its opinion for that of an expert's when the expert's testimony is based on correct facts and good reasoning. State, Department of Transportation and Development v. Richardson, 453 So.2d 572 (La.App. 1st Cir.1984); State, Department of Transportation & Development v. Tynes, 433 So.2d 809 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1153 (La.1983).
In McGehee v. McGehee, 543 So.2d 1126 (La.App. 1st Cir.1989), this court held that the trial court could not fix the value of a community business, but must accept or reject the opinion of the expert. This court noted that the trial judge's opinion should not supersede the opinion of the expert witness. See also State, Department of Highways v. Baddock, 160 So.2d 279 (La. App. 1st Cir.1964).
In the instant case, in his reasons for judgment, the trial judge stated:
I have already given reasons why AWEB, Inc., is not a community asset. So therefore, I am only looking at the value of Alan Watts Service, Inc. According to my notes, Mr. Pulliam did not say that the Alan Watts Service, Inc., was valued at $20,000. My notes say he said AWEB had a book value of $20,000 as of 7-31-87. But Alan Watts Service, Inc. is not worth in my opinion the $78,250, nor do I agree with Mr. Pulliam that it has perhaps no value at all. I do not recall any testimony whatsoever to indicate the balance owing by AWEB to Alan Watts Service, Inc. with regards to the inventory that was transferred in the fall of '84. I think that Alan Watts Service, Inc., does have a value. The court fixes the value of that stock in the amount of $10,000.
In disregarding the testimony of both expert witnesses, the trial judge did not evaluate their credibility or determine whether their opinions were unreasonable *741 or were unfounded. Instead, the trial judge merely fixed his own value of the corporation. Clearly, this constituted error. The trial judge erred in disregarding the testimony of both expert witnesses and substituting his own valuation.
LSA-C.C.P. art. 2164 provides that an appellate court may render any judgment which is just, legal and proper. Although the law favors prompt disposition of cases and the avoidance of protracted litigation, an appellate court is empowered to remand the case for the trial judge to make credibility determinations of conflicting expert witnesses or for introduction of additional evidence to prevent a miscarriage of justice. Balehi Marine, Inc. v. Firemen's Insurance Company of Newark, New Jersey, 460 So.2d 16 (La.App. 1st Cir.1984), writ denied, 462 So.2d 654 (La. 1985); LaSalle Pump & Supply Co., Inc. v. Louisiana Midland Railroad Co., Inc., 433 So.2d 745 (La.App. 3rd Cir.1982), writ denied, 435 So.2d 450 (La.1983); Guilott v. Guilott, 326 So.2d 551 (La.App. 3rd Cir. 1976), writ refused, 330 So.2d 316 (La. 1976).
Therefore, we remand the instant case for further proceedings as to the proper valuation of AWSI through assessment of the credibility of the expert witnesses and/or the receipt of additional expert testimony.

CONCLUSION
For the above reasons, that portion of the trial court judgment of partition, based upon a valuation of AWSI at $10,000.00, is reversed, and the matter is remanded for further proceedings consistent with the views expressed herein. In all other respects the judgment is affirmed. Costs are to await a final determination in this matter.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Numerous other assets and debts belonging to the former community were at issue at trial; however, none of them are pertinent to the issues raised in the instant appeal.