BROWN, Chief Judge.
 

 h Plaintiffs, Ronnie and Rebecca Davis, are the owners of a 1989 Glastron ski boat. Defendant, Thomas Sweeney, owns and operates a boat repair shop in Shreveport, Louisiana. Davis took his ski boat to Sweeney for customizing on September 28, 2004, and indicated that he needed the’ boat back by the summer of 2005. Sweeney agreed. The custom work to be done included,
 
 inter alia,
 
 painting the boat and trailer in LSU purple and gold, refitting the seats with LSU-colored fabric, and installation of a radio. The agreed upon price for the work was $3,500. A $1,000 down payment was made by Davis, with the balance to be paid upon completion of the work.
 

 Sweeney began the repairs, but, according to him, it was impossible to finish the job at the agreed upon price. Plaintiffs refused to pay additional money, and the work ceased. According to plaintiffs, Sweeney would not let them take their boat, nor would he complete the repairs. Amicable attempts to settle the dispute failed, and the instant suit for breach of contract was filed in Shreveport City Court on December 5, 2006. The matter was tried on April 15, 2008, and the trial court’s judgment was signed on April 24, 2008. Judgment was rendered in favor of plaintiffs ordering defendant to pay $2,500 for loss of value and $2,000 for loss of use of the ski boat, together with $600 in expert witness fees. Sweeney was also ordered to return plaintiffs’ boat trailer and Evinrude 90 boat motor.
 
 [1]
 
 It is from this judgment that defendant has appealed.
 

 |
 
 ¿Discussion
 

 Defendant first urges that the trial court erred in awarding plaintiffs $2,500 for the loss of value of their ski boat. According to Sweeney, this award was improperly based upon the testimony of Barney Per-menter, who was accepted as an expert in
 
 *1187
 
 the structural, mechanical and electrical workmanship of boats, not as an expert in the valuation of boats.
 

 The trier of fact, while not bound by expert testimony, must hear and weigh the testimony of experts in the same manner as other evidence. Reasonable and well-founded opinion should be considered.
 
 Head v. Head,
 
 30,585 (La.App.2d Cir.05/22/98), 714 So.2d 231;
 
 Watts v. Watts,
 
 552 So.2d 738 (La.App. 1st Cir.1989). The weight to be given to an expert’s testimony is dependent upon the professional’s qualifications and experience of the expert and especially upon the facts on which that expert’s opinion is based.
 
 Head, supra; Goodwin v. Goodwin,
 
 618 So.2d 579 (La.App. 2d Cir.1993),
 
 unit denied,
 
 623 So.2d 1340 (La.1993). The effect and weight to be given the expert’s testimony depends on the validity of the underlying facts relied upon by the expert and rests within the broad discretion of the trial judge.
 
 Head, supra.
 

 The record does not show an abuse of the trial court’s discretion in this case. Plaintiffs’ expert, Barney Permenter, was familiar with the boat and the repairs to it. He visited defendant’s shop and examined the boat for 45 minutes to an hour. Per-menter noted that the boat was practically a total loss because its hull had been detached. Permenter’s opinion was based upon the assumption that the boat was in good operating condition at the |stime it was presented to defendant for refitting and repair. Davis testified to the condition of the boat at trial, and noted that he paid $5,000 for the boat. Permenter valued the boat at between $1,500 and $2,000. He also stated that the cost to complete painting the trailer would be another $1,000.
 

 There was no contradictory expert evidence presented. Furthermore, as observed by Permenter, inasmuch as the boat had been taken apart and rendered unrepairable, it was impossible to determine the market value of the ski boat as of the time of trial. We cannot say that the trial court’s award of $2,500 is clearly wrong or manifestly erroneous in light of the evidence presented at trial.
 

 In his second assignment of error, defendant asserts that the trial court erred in awarding plaintiffs damages for loss of use. Sweeney contends that this award was an impermissible nonpecuniary damage award under La. C.C. art. 1998.
 

 Damages for nonpecuniary loss may be recovered when a contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew or should have known, that his failure to perform would cause that kind of loss. La. C.C. art. 1998.
 
 [2]
 
 Thus, if plaintiffs can show that they intended to gratify a significant nonpecuniary interest by way of the contract, and the nature of the contract supports this contention, and that Sweeney either knew or should have |4known that failure to perform would cause nonpecuniary damages to the Davises, then such damages are recoverable.
 
 Young v. Ford Motor Co., Inc.,
 
 595 So.2d 1123 (La.1992);
 
 Stonecipher v. Mitchell,
 
 26,575 (La.App.2d Cir.05/10/95), 655 So.2d 1381. Whether the gratification of some nonpecuniary interest is a principal object of a contract is a question of fact.
 
 Id.
 
 When damages are insusceptible
 
 *1188
 
 of precise measurement, much discretion is left to the court for the reasonable assessment of those damages. La. C.C. art. 1999;
 
 Stonecipher, supra.
 

 Ronnie Davis testified about the pleasurable family experiences he, his wife and children had when they used their ski boat for camping, cruising or skiing. Davis also stated that when he left his boat in 2004 for refitting/customization, he told Sweeney that although there was no rush on the job, he needed the boat back for the summer of 2005. Mrs. Davis requested that the family be allowed to use the boat for the Christmas festival in Natchitoches, but Sweeney refused to return the boat, even for a weekend. Both plaintiffs testified to the loss of use and enjoyment of their ski boat. The trial of this matter was in April 2008; as of that time, plaintiffs’ ski boat had been taken apart and was not able to be assembled for any kind of use due to the length of time that its hull had been removed. Plaintiffs lost the use of their ski boat forever; they recovered only the trailer, which did not have its license place, nor were there any taillights or running boards.
 

 When Davis brought his boat to Sweeney, he talked to defendant about “pimping [his] boat out.” The specific work they talked about ^included having the boat painted and the seats upholstered in LSU purple and gold, installation of a radio, and a few other things that were to come after the painting and upholstery work. The parties’ agreement was not one for simple repairs, but involved the updating and upgrading of boat’s exterior and seating in the colors of the Davises’ favorite college team. If Sweeney did not have actual knowledge of the nonpecuniary interest the Davises intended to gratify as a result of the customizing work they wanted done to their boat, he certainly should have. Plaintiffs have established the requisite elements necessaiy to support the trial court’s award of damages for loss of use. We cannot say that the trial court was clearly wrong or manifestly erroneous in its assessment of $2,000 for plaintiffs’ loss of use of their ski boat.
 
 See, Heath v. Brandon Homes, Inc.,
 
 36,184 (La.App.2d Cir.08/14/02), 825 So.2d 1262;
 
 Stonecipher, supra; Taylor v. Burton,
 
 97-1348 (La.App. 3d Cir.03/06/98), 708 So.2d 531;
 
 Isabelle v. Bayliner Marine Corp.,
 
 05-2593 (La.App. 1st Cir.11/03/06), not reported in So.2d, 2006 WL 3187573,
 
 writ denied,
 
 07-0174 (La.05/11/07), 955 So.2d 1279.
 

 Finally, defendant argues that the trial court’s $600 expert witness fee award is excessive. According to defendant, the trial court compensated plaintiffs’ expert at an amount which is more than twice his hourly rate.
 

 The trial judge has great discretion in fixing and awarding costs and expert witness fees.
 
 City of Shreveport v. Noel Estate, Inc.,
 
 (La.App.2d Cir.09/27/06), 941 So.2d 66,
 
 writ denied,
 
 06-2774 (La.01/26/07), 948 So.2d 171. A trial court’s assessment of costs can be reversed by an appellate [ court only upon a showing of abuse of discretion.
 
 Id.; Allstate Enterprises, Inc. v. Brown,
 
 39,467 (La.App.2d Cir.06/29/05), 907 So.2d 904.
 

 As to expert witness fees, witnesses called to testify as experts shall be compensated for their services, with the amount to be determined by the court and taxed as costs to the party cast in judgment. La. R.S. 13:3666. As noted by this court in
 
 City of Shreveport, supra,
 
 an expert witness is entitled to reasonable compensation for his court appearance and for his preparatory work. Factors to be considered in setting an expert witness fee include: the time spent testifying, the time spent in preparing for trial, the time spent away from regular duties while waiting to
 
 *1189
 
 testify, the extent and the nature of the work performed, the expert’s knowledge and attainments, and the helpfulness of the expert’s report and testimony.
 
 Id.
 

 In the instant case, the record supports the trial court’s award of $600 for Barney Permenter’s fee. While Permenter stated that his hourly fee was $70 per hour, he spent numerous hours preparing for and then testifying at trial. His in-court time was four hours. Permenter visited defendant’s shop, which took 45 minutes to an hour. Permenter examined and investigated the list of supplies purchased by Sweeney, as well as the record of hours allegedly spent by defendant on the project. Finally, Permenter compiled a report for plaintiffs documenting his findings and opinions. We find no abuse of the trial court’s discretion in this matter.
 

 Conclusion
 

 For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to defendant-appellant, Thomas Sweeney.
 

 [1]
 

 . The boat had been disassembled and because the hull had been separated from the rest of the boat, it was plaintiffs’ expert’s opinion that the boat could not be repaired to its original condition. Defendant was allowed to keep the boat together with plaintiffs’ $1,000 deposit.
 

 [2]
 

 . Civil Code article 1998 also provides that, regardless of the nature of the contract, non-pecuniary damages may be recovered when the obligor intended, through his failure, to aggrieve the feelings of the obligee.